## Case No. 11,364.

### POWLING v. VARNUM.

[2 Cranch, C. C. 423.][1]

Circuit Court, District of Columbia. Oct. Term, 1823.

INDEBITATUS ASSUMPSIT—WORK AND LABOR DONE —FRAUD.

If the plaintiff does certain work for the defendant's intestate, under a special contract to

[1] [Reported by Hon. William Cranch, Chief Judge.]

be paid for it by the conveyance of a lot of ground. it is not competent for him, in an action of general indebitatus assumpsit against the defendant for work and labor done in the lifetime of her intestate. to recover the value thereof, without showing fraud in the defendant's intestate in making the contract; and it is competent for the plaintiff's intestate never had a good title to the lot without evidence of such fraud, or other evidence showing that the plaintiff had a right to rescind the contract.

Indebitatus assumpsit, for work and labor done and materials furnished for the defendant's intestate by the plaintiff, who was a painter and glazier. The defendant produced a written contract, dated February 7, 1820, under the which the work was done, and in which the plaintiff, after that he had on that day leased a lot of the defendant's intestate. James M. Varnum, for the term of ten years, with the privilege of purchasing the same within that time, agrees to do work and find materials to that amount within two years, if required by the said Varnum. And by the lease, referred to in that agreement, the plaintiff had a right, during the ten years, to purchase the lot at the price of $474; and upon payment of that sum, over and above the rent, the said Varnum agreed to "make and execute a good and sufficient deed of conveyance of all his estate, right, and interest in and to the said lot, unto the said John Powling, his heirs and assigns forever." The plaintiff afterwards agreed not to require a deed of the lot until a note of $300, discounted for the plaintiff at the Bank of the Metropolis, and for which the said Varnum was guaranty, should be fully paid; which note was not paid at the time of the trial.

Mr. Key and Mr. Redin, for plaintiff, offered evidence to show that Mr. Varnum had not a good title to the lot. The defendant proved that the plaintiff had been in possession of the lot from the date of the lease.

THE COURT (nem. con.) refused the evidence offered by the plaintiff to show defect of title, unless accompanied by evidence of fraud in the original contract respecting the work and conveyance of the lot, or evidence showing that the plaintiff had a right to rescind the contract.

The plaintiff's counsel then, in order to show such fraud, offered evidence that Mr. Varnum bought the lot for $30 at a tax sale; that the price which the plaintiff was to allow him for it, in work, was the full value of a good title; that the title under the sale for taxes was worthless; that Mr. Varnum was a shrewd, speculating man, well acquainted with city titles, and the plaintiff was a plain, unlettered man; that the validity of the tax sales had been questioned in 1819, and a bill in chancery, in the case of Greenleaf v. Corporation of Washington [unreported], to set them aside, was pending at the time of this contract. and must have been known to Mr. Varnum, who was a member of the corporation.

Mr. Jones, for defendant, objected to the admissibility of the evidence so offered by the plaintiff in support of his allegation of fraud, and prayed the opinion of the court that it was wholly inadmissible as evidence to impeach the title of the said Varnum to the lot in question, and that it was incompetent and inadmissible as evidence of any fraudulent misrepresentation or concealment of the said Varnum, to the effect of avoiding the said contract between the said Varnum and the plaintiff.

Which opinion and instruction THE COURT gave as prayed. THRUSTON, Circuit Judge, contra.

Verdict for the defendant. A bill of exceptions was taken by the plaintiff's counsel, but no writ of error was prosecuted.